IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD SMITH,**

        **Plaintiff,**

v.                                                                                     **Civil Action No. 1:07cv142**
                                                                                  **(Judge Keeley)**

**JOE DRIVER, Warden,**

        **Defendant.**

## SECOND DEFICIENCY NOTICE

On October 16, 2007, the *pro se* plaintiff initiated this civil rights action against the above-named defendant. Because the plaintiff failed to pay the required filing fee or file a request to proceed as a pauper, on October 18, 2007, the Clerk sent the plaintiff a deficiency notice. In the notice, the plaintiff was advised that he must either pay the required filing fee or file a motion to proceed as a pauper, if he intended to pursue this case further. The plaintiff was also advised that if he filed a request to proceed as a pauper, he must complete and file the standard form application used by this court, a Consent to Collection of Fees form and a Prisoner Trust Account Report ("PTAR"). The Clerk provided the plaintiff with the necessary forms and advised him that he must complete and file the forms within twenty (20) days or risk the dismissal of his case.

On November 9, 2007, the plaintiff filed with the Court the first page of the Application to Proceed Without Prepayment of Fees noting only that he is not employed, and a prisoner trust account report with attached ledger sheets. This is not, however, sufficient for the Court to determine the plaintiff's ability to proceed as a pauper. First, the plaintiff's application states that he is not employed, yet his PTAR shows that he is employed by the institution where he is

incarcerated. In addition, the plaintiff completely disregarded the subsequent pages of the application in which he must list any assets he has, any financial obligations, and any other source of income he might receive. In addition, the plaintiff has completely failed to file a Consent to Collection of Fees form. Accordingly, the undersigned finds that the plaintiff has failed to comply with the Court's deficiency notice and it cannot, therefore, determine the plaintiff's eligibility to proceed as a pauper at this time.

However, because the plaintiff is proceeding *pro se*, the Court will grant the plaintiff additional time to file the missing documents. Thus, the **Clerk** is directed to send the plaintiff a blank Application to Proceed Without the Prepayment of Fees and a blank Consent to Collection of Fees form. The plaintiff will have **twenty (20) days** from the date of this Order to complete and file those forms. The failure to do so in the allotted time will result in the dismissal of this case for the failure to prosecute.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE