# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD SMITH,**

  **Plaintiff,**

**v.**                **Civil Action No. 1:07cv142**
                     **(Judge Keeley)**

**JOE DRIVER, Warden,**

  **Defendant.**

## THIRD AND FINAL DEFICIENCY NOTICE

On October 16, 2007, the *pro se* plaintiff initiated this civil rights action against the above-named defendant. Because the plaintiff failed to pay the required filing fee or file a request to proceed as a pauper, on October 18, 2007, the Clerk sent the plaintiff a deficiency notice. In the notice, the plaintiff was advised that he must either pay the required filing fee or file a motion to proceed as a pauper if he intended to pursue this case. The plaintiff was also advised that if he filed a request to proceed as a pauper, he must complete and file the standard form application used by this court, a Consent to Collection of Fees form and a Prisoner Trust Account Report ("PTAR"). The Clerk provided the plaintiff with the necessary forms and advised him that he must complete and file the forms within twenty (20) days or risk the dismissal of his case.

On November 9, 2007, the plaintiff filed a PTAR and the first page of an Application to Proceed Without Prepayment of Fees. The petitioner's application noted only his name, his prisoner number and that he was not employed. The application was not signed. Therefore, upon review of the application, the undersigned found that it was insufficient for making an *in forma pauperis* determination. Specifically, the undersigned noted that the information provided on the first page

of the application contradicted the information supplied by the ledger sheets to the plaintiff's inmate account. In addition, the undersigned noted that by filing only the first page of the application, the plaintiff failed to provide the court any information pertaining to what assets, bank accounts, or gifts the plaintiff had recently received.[1] Therefore, on November 15, 2007, the Court issued a second deficiency notice advising the plaintiff that he must file a completed application.

On November 21, 2007, the plaintiff filed a second application to proceed without prepayment of fees. However, despite the specific instructions of the Court, the plaintiff once again filed only the first page of the application. Thus, the Court is still unable to determine the plaintiff's ability to proceed as a pauper.

Accordingly, the **Clerk** is directed to send the plaintiff a blank Application to Proceed Without the Prepayment of Fees form. The plaintiff has **twenty (20) days** from the date of this Order to complete and file that form, *in its entirety*. The failure to do so in the allotted time will result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: December 21, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, although not previously noted, in failing to file the complete application, the plaintiff also did not certify, under penalty of perjury, the content of the application.