IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HAROLD SMITH,

      Plaintiff,

v.                                                Civil Action No. 1:07cv142
                                                (Judge Keeley)

JOE DRIVER, Warden,

      Defendant.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On October 16, 2007, the *pro se* plaintiff filed a civil rights complaint. In the complaint, the plaintiff asserts that his First, Fifth and Thirteenth Amendment rights are being violated by the above-named defendant. In support of his claims, the plaintiff asserts that he is being forced to live in administrative detention. As relief, the plaintiff seeks his release to the general population, his release from prison, and an injunction which directs the Bureau of Prisons to provide him with access to his legal files.

After some difficulty in receiving the financial forms necessary to determine the plaintiff's eligibility to proceed as a pauper, the Court granted the plaintiff's *in forma pauperis* application on January 23, 2008. Moreover, the Court recently denied the plaintiff's request for appointed counsel. At this time, the Court has not conducted a preliminary review of the complaint pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A. This case is before the undersigned for a report and recommendation on the plaintiff's Motion to Transfer Case and Motion of Involuntary Dismissal.

## II. Analysis

### A. Motion to Transfer Case

In the motion, the plaintiff asserts that subsequent to the filing of this case, he was transferred to the United States Penitentiary in Beaumont, Texas. Therefore, pursuant to 28 U.S.C. § 1404(a), the plaintiff seeks the transfer of his case to the United States District Court for the Eastern District of Texas.

Title 28 U.S.C. § 1391 provides that a civil action not founded solely upon diversity of citizenship, may be brought "only in (1) a judicial district where any defendant resides . . ., (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Moreover, a case may be transferred to another district for the convenience of the parties under § 1404(a), only if the action might have been brought in that district in the first place. Here, the defendant resides in the Northern District of West Virginia and all of the events giving rise to the plaintiff's claims occurred within this district. Thus, at the time this case was filed, jurisdiction was not proper in the Eastern District of Texas and transfer to that court is inappropriate.

### B. Motion for Involuntary Dismissal

In his motion of involuntary dismissal, the plaintiff asserts that the Court has shown no respect for his rights. Therefore, the plaintiff seeks the involuntary dismissal of this action under threat of duress and coercion.

Rule 41(a)(1) provides that any action may be voluntarily dismissed by the plaintiff "without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Involuntary dismissal is permitted under Rule 41(b), but only to the extent that the plaintiff has failed to prosecute or comply

with the Federal Rules or an order of the court. Here, there has been no service of an answer or motion for summary judgment by the adverse party. Thus, the plaintiff's voluntary dismissal of the complaint would be appropriate. However, the plaintiff seeks involuntary dismissal under threat of duress and coercion. Such a dismissal is not contemplated or authorized by Rule 41. Accordingly, the plaintiff's motion is not properly filed and must be denied.

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the plaintiff's Motion to Transfer (dckt. 21) and Motion of Involuntary Dismissal (dckt. 23) be **DENIED**.

Within **ten (10) days** after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the report and recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this opinion will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

Dated: April 18, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE