IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD SMITH,**

    **Plaintiff,**

**v.**                           **Civil Action No. 1:07cv142**
                                   **(Judge Keeley)**

**JOE DRIVER, Warden,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## OPINION/REPORT AND RECOMMENDATION

The pro se plaintiff, Harold Smith ("Smith"), filed a civil rights complaint against the defendant, Warden Joe Driver ("Driver"), on October 16, 2007. This matter was referred to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation. While Smith's Complaint was under review, Smith filed motions to transfer the case to another district, and a motion for "involuntary dismissal." Magistrate Judge Kaull issued an Opinion/Report and Recommendation ("R&R") on April 18, 2008, in which he found that transfer of Smith's case to the United States District Court for the Eastern District of Texas was improper under 28 U.S.C. § 1404(a) and that involuntary dismissal of Smith's Complaint was improper under Rule 41 of the Federal Rules of Civil Procedure.

**SMITH v. DRIVER**                                                    **1:07cv142**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## OPINION/REPORT AND RECOMMENDATION

After he received the Magistrate Judge's R&R, Smith timely filed his objections. As a part of his objections, Smith argues that Magistrate Judge Kaull erred in denying his motion for appointed counsel. Although that issue was not addressed in the R&R, Magistrate Judge Kaull had issued an earlier order (dkt. no. 20) denying Smith appointed counsel on April 2, 2008. Smith had ten days following the issuance of that order to appeal the decision to deny him an appointed attorney but he failed to do so. See Fed.R.Civ.P. 72(a). Accordingly, the Court declines to consider Smith's objections to the Magistrate Judge's order of April 2, 2008, denying Smith's motion for appointed counsel.

Smith also objects to the Magistrate Judge's characterization of his Complaint, which he titled "Complaint of Injustice," as being a claim for a violation of his civil rights, and argues that he actually filed a writ of habeas corpus. Review of the Complaint reveals, however, that Smith alleges that federal employees have emotionally and physically abused him by retaliating against him and placing him in solitary confinement. The Magistrate Judge's construction of Smith's Complaint is therefore correct, in that Smith alleges violations of his civil rights.

Smith does not object to the Magistrate Judge's findings regarding transfer of his case under 28 U.S.C. § 1404(a), nor does

he object to the conclusion that his case cannot be involuntarily dismissed under Rule 41 of the Federal Rules of Civil Procedure, the two issues the R&R actually addressed.  Although his objections state that a "[m]otion to transfer is appropriate and or motion of dismissal because its [sic] obvious that this court will not render petitioner justice as law requires," this statement does not constitute a specific objection accompanied by a legal argument.  See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003)(stating "that the failure to raise an objection 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute' waives any appellate review" (quoting U.S. v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996))).

Finally, the Court notes that Smith filed a petition for a Writ of Mandamus with this Court on July 16, 2008.  This petition should have been filed with the Fourth Circuit Court of Appeals, not this Court.  Moreover, the Court's ruling on the Magistrate's R&R moots the grounds for Smith's petition for mandamus.

Therefore, because Smith does not object to the Magistrate Judge's findings in the R&R, and for the reasons stated above, the Court **ADOPTS** the Magistrate Judge's R&R (dkt. no. 24) in its

entirety, and directs that the case continue for review on its merits.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to the pro se plaintiff, return receipt requested.

DATED: September 23, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE