# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HAROLD SMITH,**

    **Plaintiff,**

v.                                                **Civil Action No. 1:07cv142**
                                                              **(Judge Keeley)**

**JOE DRIVER, Warden,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

On October 16, 2007, the *pro se* plaintiff filed this civil rights action complaining that his First, Fifth and Thirteenth Amendment rights are being violated by the defendant, Joe Driver, the Warden of the Hazelton Penitentiary in Bruceton Mills, West Virginia. In support of his claims, the plaintiff asserts that he is being forced to live in administrative detention. As relief, the plaintiff seeks his release to the general population, his release from prison, and an injunction which directs the Bureau of Prisons ("BOP") to provide him with access to his legal files.

On December 17, 2008, the Court received a Notice of Change of Address from the plaintiff in which he lists a post office box in Conestee, South Carolina, as his new address. Because it does not appear that the petitioner's new address is a federal correctional facility, the undersigned has conducted a review of the inmate locator found on the BOP's website,[1] and discovered that the petitioner was released from custody on December 9, 2008. Consequently, the Court can no longer afford the plaintiff any meaningful relief and the complaint is now moot.[2]

---

[1] See www.bop.gov

[2] Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

For this reason, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED without prejudice** as moot and removed from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the report and recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this opinion will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

Dated: January 21, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE