IN THE UNITED STATES DISTRICT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**J. HAROLD SMITH,**

    **Plaintiff,**


**v.**                                    **Civil Action No. 1:07cv142**
                                          **(Judge Keeley)**


**JOE DRIVER, Warden,**

    **Defendant.**


## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 16, 2007, the pro se plaintiff, J. Harold Smith ("Smith"), filed a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against defendant Joe Driver ("Driver"), at that time the Warden of the United States Penitentiary at Hazelton, West Virginia. In his Complaint, Smith alleged that Driver had violated his First, Fifth and Thirteenth Amendment rights by forcing him to live in administrative detention. He sought release into the general population or from imprisonment altogether, an injunction or temporary restraining order providing him with access to his legal documents, as well as a declaration that his constitutional rights had been violated.

On January 21, 2009, United States Magistrate Judge John S. Kaull entered a Report and Recommendation ("R&R") recommending that Smith's Complaint be dismissed without prejudice from the Court's

docket as moot. In his R&R, Magistrate Judge Kaull pointed out that Smith has been released from incarceration, thus rendering moot the relief sought.

Smith timely filed objections to the R&R on February 3, 2009. In those objections, Smith acknowledges that he has been released from the Bureau of Prisons ("BOP"), but nevertheless argues that his Complaint should not be dismissed because although he was released and given a bus ticket home, he is still "in custody" until December 15, 2012, when his period of parole expires. He asks the Court to review his sentence computation, which he contends is inaccurate, and asks the Court to conclude that he is still "in custody" by virtue of being on parole.

Smith's Complaint in this case sought release from administrative segregation and return to the general population, or alternatively, release from incarceration. Smith is now released on parole. Although he continues to be monitored by a parole officer, he is not in the "custody" of the Bureau of Prisons. Indeed, he has already achieved the relief sought in his original Complaint, release from incarceration. Thus, the claims and specific relief sought in his Complaint are clearly moot.

Smith now indicates that he wishes to challenge the calculation of his sentence, which determines his term of parole.

Not only was this issue not raised in his original Complaint, it is inappropriate for consideration in a civil rights action under Bivens. Rather, a challenge to the execution of a sentence, including the length of a sentence, is properly raised in a habeas corpus petition under 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Accordingly, if Smith wants to pursue this new issue, he may do so in a separate case. This action at bar, however, has become moot with his release from prison.

For these reasons, the Court **ADOPTS** the Magistrate Judges' R&R in its entirety (dkt. no. 32), **DISMISSES** Smith's Complaint **WITHOUT PREJUDICE**, and **STRIKES** the case from the Court's docket.

It is so **ORDERED.**

The Court directs the Clerk to transmit a copy of this Order to the pro se plaintiff by certified mail, return receipt requested, and to counsel of record.

DATED: April 24, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE